LAHAPA ERNESTBERGER v. KINA NAHAU (w.), NA-
HAU (k.), BEKE KAONOHI CHONG AND EDDIE
CHONG.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED AUGUST 19, 1907.     DECIDED SEPTEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

MORTGAGES—*contribution.*

> Grantees of different parcels of land subject to a mortgage,
> who hold by voluntary deeds without warranties from the
> mortgagor, should contribute ratably to the discharge of the
> mortgage; and no one of them by procuring a partial release of
> his lot and an assignment of the mortgage to himself can compel
> the others to pay more than their proportion.

#### OPINION OF THE COURT BY BALLOU. J.

This is a bill to foreclose a mortgage, upon the trial of which
the following facts appeared:   G. Kalua Kaioipahia in his life
time was the owner of two adjoining pieces of land on Beretania
street and of an undivided half interest in a piece of land con-
sisting of two apanas in Kauluwela, Honolulu.   These lands
were mortgaged to W. R. Castle, trustee, for the sum of $2000.
During his last illness Kaioipahia made voluntary deeds of these
three lands to the parties in this action, deeding the Beretania
street property to the plaintiff and his interest in the smaller
pieces to the defendant Kina Nahau and the defendant Beke
Chong respectively.   Each of these deeds was expressed to be
for a nominal consideration and love and affection and conveyed
the grantor's right, title and interest without warranties of any
kind.   The deeds to the plaintiff and to Beke Chong were
acknowledged the same day, and that to Kina Nahau on the
day following.

A little over a year after the execution of the deeds the plaintiff sold her land by warranty deed to one Luning for the sum of $3000. Two days after the date of this deed, the mortgagee released from the lien of the mortgage this parcel of land, "but with the stipulation that said mortgage shall remain outstanding as to the other remaining parcels in said mortgage set forth," and on the same date he executed an assignment of the mortgage to the plaintiff reciting the partial release. In each of these instruments the consideration recited is $1. The evidence showed that they were obtained by payment by the plaintiff to the mortgagee of the balance of the principal then due on the mortgage with interest in full to that date. Plaintiff then brought this bill for the foreclosure of the whole mortgage against the parcels owned by the two principal defendants and the circuit judge granted the relief prayed for.

This decree cannot be sustained. The parties were co-owners of land subject to the same mortgage, and as is said in *Allen v. Clark*, 17 Pick. 47, 57, it would be manifestly against justice and equity that either party should gain an advantage by procuring an assignment of the mortgage and thereby throw the whole of a common burden upon the other party.

The defendants made an attempt to show that it was the intention of Kaioipahia that the plaintiff's piece of land should bear the whole burden of the mortgage, but this was unsuccessful, and the form of the deeds shows a clear intention that the grantees should assume their respective proportions of the burden of the mortgage. 3 Pom. Eq. Juris., Sec. 1225. Under these circumstances the plaintiff, in procuring a discharge of the whole mortgage in connection with the sale of her lot, is entitled to a ratable contribution from the owners of the other parcels. The form of the conveyancing cannot affect the equities of the defendants. On the one hand if the mortgage had been released the plaintiff would have been entitled to have had the transaction regarded as an equitable assignment to herself and to keep it alive as security of her own rights against the other owners. 3 Pom. Eq. Juris., Secs. 1211, 1221. On the other

hand, she cannot by obtaining an assignment of the mortgage compel the other owners to pay more than their ratable proportion of the debt. *Aiken v. Gale,* 37 N. H. 501; *Salem v. Edgerly,* 33 N. H. 46; *Allen v. Clark,* supra.

The value of the several parcels for the purpose of contribution should be estimated at the date of the mortgage. *Stevens v. Cooper,* 1 Johns. Ch. 425; Wiltsie, Mortgage Foreclosures, Sec. 511. As the evidence of value in the court below was not taken upon this basis the case must be remanded. The defendants are entitled to the costs of this appeal.

The decree is reversed and the cause remanded to the circuit judge of the first circuit for further proceedings in conformity with this opinion.

*C. W. Ashford* for plaintiff.

*J. Lightfoot* (*Magoon & Lightfoot* on the brief) for defendants.